The People of the State of New York, Respondent, *v.* Frank De R. Storey, Appellant.

First Department, February 5, 1926.

**Crimes — criminally receiving stolen property — error in receiving testi-mony impeaching defendant's character cured by defendant taking stand — witness who forged name to stolen securities after they came into defendant's possession not accomplice — technical errors disre-garded, under Code of Criminal Procedure, § 542, and conviction affirmed.**

On a prosecution for criminally receiving stolen property, any error committed by the admission of testimony on behalf of the State to impeach defendant's

character was cured when the defendant himself took the stand in his own defense.

A witness for the prosecution who, after the securities in question were stolen and were received by the defendant, forged the name of one of the defendants on the certificate, was not an accomplice of the crime charged, and it was not necessary that his testimony be corroborated.

An error committed in receiving testimony regarding defendant's relation with a certain woman was cured by the court's instruction and certain other errors committed in receiving testimony regarding defendant's activities in other questionable matters were cured by the testimony of the defendant.

The evidence establishes that the defendant is unquestionably guilty of the crime charged and, therefore, under section 542 of the Code of Criminal Procedure, technical errors are disregarded and the judgment of conviction is affirmed.

APPEAL by the defendant, Frank De R. Storey, from a judgment of the Court of General Sessions of the Peace in and for the County of New York, rendered on the 7th day of June, 1920, convicting him of the crime of criminally receiving stolen property, in the first degree, and also from an order denying defendant's motion for a new trial made upon the minutes.

*O'Gorman, Battle & Vandiver* [*George Gordon Battle* of counsel], for the appellant.

*Joab H. Banton, District Attorney* [*Robert C. Taylor* of counsel], for the respondent.

BURR, J. The appellant was jointly indicted with James F. Campbell on the 5th day of January, 1920, charged with criminally receiving stolen property, in the first degree. On June 1, 1920, a motion for separate trial made on behalf of the defendant Campbell was granted. The trial of the appellant was had on the 1st, 2d, 3d, 4th and 7th of June, 1920, and on the last-mentioned day the jury rendered a verdict of guilty. On June 10, 1920, the appellant was sentenced to serve two years and six months and not more than five years in State's prison. On June 10, 1920, the appellant moved for a certificate of reasonable doubt, and on the 7th day of July, 1920, the said motion was granted in Special Term of the Supreme Court, New York county, by the justice presiding. The appeal came on for argument in January, 1926.

The main errors alleged on this appeal are that the People were permitted to impeach defendant's character upon their case in chief, and that the testimony of the People's witness Defeldecker was the testimony of an accomplice uncorroborated.

As to the first, it has been frequently held that error in the reception of incompetent evidence is cured where the defendant takes the stand and the same evidence is competently developed, as appears to be the fact in the instant case.

As to the second claim, defendant was charged with criminally

receiving stolen property. Defeldecker was not an accomplice to the crime charged. It was shown that after the securities were stolen and were received by defendant, Defeldecker was induced to insert the name of James F. Campbell, one of the defendants, on the certificate. Defeldecker was guilty of forgery, possibly, but he was not an accomplice in the crime charged against the defendant.

The admitted error in receiving testimony regarding defendant's relations with the Hogan woman, after he had claimed his privilege, was cured by the charge of the judge.

If any errors were committed in the receipt on the main case of the evidence regarding defendant's activities in other questionable matters, they were cured by the testimony of the defendant when he took the stand as a witness in his own behalf.

Section 542 of the Code of Criminal Procedure provides: "After hearing the appeal, the court must give judgment, without regard to technical errors or defects or to exceptions which do not affect the substantial rights of the parties."

The guilt of the defendant was overwhelmingly established by the evidence.

The judgment of conviction and the order denying the motion for a new trial should be affirmed.

CLARKE, P. J., MERRELL, FINCH and MARTIN, JJ., concur.

Judgment affirmed.